**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL THOMAS McCREARY, | No. 12-16393 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00145-LRH-WGC |
| v. | |
| BRIAN E. SANDOVAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Nevada state prisoner Paul Thomas McCreary appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force, deliberate indifference to his serious medical needs, and constitutional violations in connection with prison grievance procedures.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed McCreary's excessive force claim because McCreary failed to allege facts showing that defendants used objectively unreasonable force in a malicious and sadistic manner when they applied ankle cuffs to him during transport.  *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (setting forth elements of excessive force claim); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." (citation and internal quotation marks omitted)).

The district court properly dismissed McCreary's deliberate indifference claim because McCreary failed to allege facts showing that defendants were deliberately indifferent regarding any denial, delay, or interference with his ability to receive treatment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delay of medical treatment does not constitute deliberate indifference unless delay led to further injury); *see also Starr v. Baca*, 652 F.3d

1202, 1207 (9th Cir. 2011) (elements of supervisory liability); *Bruns*, 122 F.3d at 1257.

The district court properly dismissed McCreary's claim alleging that defendants violated his constitutional rights in the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

McCreary's contention that the district court failed to construe his complaint liberally is unsupported by the record. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

McCreary's motion to supplement the record on appeal, filed on October 5, 2012, is denied. *See* Fed. R. App. P. 10(a); *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987) ("[N]ormally the reviewing court will not supplement the record on appeal with material not considered by the trial court.").

**AFFIRMED.**